# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-111-RJC
# (3:07-cr-282-RJC-1)

| | |
|---|---|
| JAMES SINGLETON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Support, (Doc. No. 7). Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

## I. BACKGROUND

Petitioner James Singleton pleaded guilty in this Court on June 16, 2008, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:07-cr-282-RJC-1, Doc. No. 42: Plea Agreement). In Petitioner's presentence report ("PSR"), the probation officer noted that Petitioner had three qualifying prior convictions that triggered the ACCA enhancement: (1) attempted third-degree robbery, (2) criminal sale of a controlled substance, and (3) second-degree burglary, all in violation of New York law. (Id., Doc. No. 47 at ¶¶ 23, 37; 44; 45; 47: PSR). The Government notes in its response that Petitioner also had a

1

prior New York conviction for attempted second-degree assault.[1]  (Id. at ¶ 47).  The probation officer determined that Petitioner qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  (Id. at ¶ 23).  The probation officer calculated a total offense level of 31.  (Id. at ¶ 25).  Combined with a criminal-history category of V, this offense level yielded an advisory Sentencing Guidelines range of between 168 and 210 months in prison.  (Id. at ¶ 67).  The probation officer also noted, however, that Petitioner faced a statutory mandatory-minimum term of 180 months in prison because of his status as an armed career criminal.  (Id.).  This Court sentenced Petitioner to 180 months in prison, plus five years of supervised release.  (Id., Doc. No. 55: Judgment).  Petitioner appealed, and on January 11, 2010, the Fourth Circuit affirmed this Court's judgment.  United States v. Singleton, 360 F. App'x 444 (4th Cir. 2010).

On March 7, 2016, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Specifically, Petitioner contends that, in light of Johnson, he was improperly sentenced as an armed career criminal because his prior convictions for New York second-degree burglary and attempted third-degree robbery in New York no longer qualify as predicate convictions under the ACCA.  Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal.  In its response, the Government concedes that, in light of Johnson, Petitioner lacks the three predicate convictions required to support his ACCA-enhanced sentence.

---

[1] The probation officer did not include this as one of three predicate felonies qualifying Petitioner for an enhanced sentence under the ACCA, but this conviction is listed in Petitioner's criminal history in the PSR.  See (Id. at ¶ 47).

2

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory-minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558.

The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, No. 15-6418, 2016 WL 1551144, at *11 (S. Ct. Apr. 18, 2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

Here, the parties agree in their respective briefs that, in light of Johnson, Petitioner now has, at most, only two prior felony convictions that qualify as predicate felonies under the ACCA. First, Petitioner argues, and the Government concedes in its response, that Petitioner's prior New York conviction for second-degree burglary qualified as a "violent felony" under the ACCA only under the residual clause. That is, N.Y. Penal Code § 140.25, which defines second-degree burglary, proscribes knowingly entering or remaining unlawfully in a building with the intent to commit a crime therein. See N.Y. Penal Code §§ 140.00(2), 140.25. However, "building" is defined to include vehicles or watercraft. Id. The Second Circuit recently held that second-degree burglary under New York law does not satisfy the force clause of the career-

4

offender guideline, which is identical to the force clause of the ACCA.  See United States v. Welch, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016) (unpublished).  The Government states in its response that, although the modified categorical approach may apply where a defendant's state-court documents establish that he burglarized a building, the Government has reviewed the available documents related to Petitioner's convictions, and they do not appear to clarify whether he was convicted of generic burglary.  The Government states that it must, therefore, concede that Petitioner's prior second-degree burglary conviction was not for a "violent felony" as defined in § 924(e)(2)(B)(i).

      Next, as noted, Petitioner also argues that his prior New York conviction for attempted third-degree robbery no longer qualifies as a predicate conviction under the ACCA.  The Government does not take a position in its response brief as to whether the attempted third-degree robbery still qualifies as a predicate conviction under the ACCA.  The Government does agree with Petitioner, however, that without Petitioner's conviction for New York second-degree burglary, Petitioner no longer has three felony predicates under the ACCA.

      Finally, the Government also states in its brief that, as to a final prior conviction listed in the PSR[2]—a New York second-degree assault conviction—second-degree assault may be committed under New York law in numerous ways, some of which do not satisfy the force clause.  See N.Y. Penal Code § 120.05.  The Government asserts that it has not been able to obtain the state-court documents establishing under which subdivision of second-degree assault Petitioner was convicted.  Accordingly, the Government states that it is constrained to concede

---

[2]  As noted, this conviction was listed in Petitioner's criminal history in the PSR, but it was not one of three prior convictions specifically identified as the prior predicate felonies that qualified Petitioner for a sentencing enhancement under the ACCA, and Petitioner has presented no argument in his motion to vacate as to whether this fourth conviction qualifies as a predicate felony under the ACCA in light of Johnson.

5

that this conviction was not for a violent felony under the ACCA in light of Johnson. The Government, therefore, concedes that, without Petitioner's prior New York convictions for second-degree burglary and second-degree assault, Petitioner does not have three prior convictions for a violent felony or a serious drug offense under the ACCA, and Petitioner's motion to vacate should therefore be granted.

The Court has reviewed the record and the parties' respective arguments and agrees that Petitioner no longer has three predicate felonies under the ACCA in light of Johnson. Thus, Petitioner's motion to vacate will be granted.

### IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate and finds that Petitioner is entitled to be resentenced.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**, and Petitioner shall be resentenced in accordance with this order.

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge